GILPIN *v.* WATTS.

SPECIFIC PERFORMANCE — *title to land.*   A vendor who seeks specific perform-
    ance of a contract for a sale of land must, in his bill of complaint, set
    forth his readiness and ability to make a good title to the land.

SPECIFIC PERFORMANCE — *decree should extend to the whole contract.*   Upon
    bill by vendor against vendee to enforce specific performance of contract
    for sale of land, the defendant cannot be required to pay the purchase-
    money, or, in default thereof, to surrender the contract to be canceled,
    except upon the condition that the complainant convey the land to him.

POSSESSION OF LAND *obtained under contract of purchase.*   Where a vendee of
    land has obtained possession from the vendor under a contract of purchase,
    if he refuses to pay the purchase-money, and accept the vendor's title, he
    must surrender the possession.   And this, although the vendor has not a
    good title.

PRACTICE — *how possession may be recovered.*   And the vendor may recover
    possession of the land in a suit to enforce specific performance of the
    contract.

PLEADING — *prayer for possession need not be special.*   In such case the com
    plainant may have relief under the general prayer.

*Appeal from District Court, Arapahoe County.*

THE complainant alleged in his bill, that, on the 17th of February, 1862, he entered into a contract with William Gilpin, defendant, for the sale of certain land granted to the heirs of Luis Maria Baca, by the act of congress entitled "An act to confirm certain private land claims in the territory of New Mexico," approved June 21, 1860 (12 Stat. at Large, 72). That, by the terms of said contract, he sold to the defendant one of the grants or claims of land mentioned in said act of congress, which was estimated to contain one hundred thousand acres of land, for the sum of thirty cents per acre, payable in five equal annual installments, commencing two years after the date of sale; the purchase-money to bear interest at five per cent per annum from the date of sale, payable semi-annually, the first payment of interest to be made with the first installment of purchase-money. That defendant was to locate the tract of land, and complainant was to convey the same to him in fee simple when the same should be located, paid for and surveyed. That, at defendant's request, the float or grant was located on a tract of land then in the territory of New Mexico, but now in the county of Saguache, in the territory of Colorado, which tract was described in the bill, and it was alleged that it amounted to $99,289\frac{39}{100}$ acres. Complainant further alleged that he had obtained a conveyance in fee simple from the heirs of Baca to the said tract of land, a copy of which was attached to the bill as an exhibit.

This conveyance, as appeared from the copy attached to the bill, contained the names of about sixty-five grantors, of whom some had executed it, and others had not. A person had subscribed his name to the conveyance as attorney in fact for the heirs of various parties, but the names of such heirs were not subscribed. There were other objections to the conveyance, which it is not necessary to mention. Complainant further alleged that he had tendered to defendant a deed for the land, and that the purchase-money had not, nor had any part thereof, been paid to him, and that such

purchase-money was still due and unpaid.   It was further alleged that, at the time of the contract, the defendant entered into possession of the land, and had retained the possession thereof.   The defendant demurred to the bill for want of equity, and because the complainant did not show in his bill, title in fee simple to the land.   The demurrer was overruled, and the defendant stood by it.   Upon the coming in of the master's report, the defendant excepted thereto, which exceptions were overruled, and the court decreed that there was due the complainant on the contract the sum of $42,267.68, and that the defendant pay the same to complainant within sixty days, and in default of such payment, that the defendant be forever barred and foreclosed of all equity of redemption, etc., and that the defendant surrender the said contract to be canceled, etc.

Messrs. MILLER & MARKHAM, and Messrs. CHARLES & ELBERT, for appellant.

Mr. JOHN S. WATTS, *pro se.*

Mr. S. E. BROWNE and Mr. ALFRED SAYRE, of counsel for appellee.

WELLS, J.   Three questions, arising upon this record, appear to us entitled to consideration.   First. Does the complainant's bill make a case for the interposition of equity to compel specific performance?   Second. Assuming the bill to have sufficiently stated a case for specific performance, is the decree which was given below the proper decree upon such case?   Third. Was there error in overruling the defendant's demurrer to the complainant's bill?

The resolution of the first of these questions depends upon whether the exhibits attached to the bill, and which are therein prayed to be taken as a part thereof, shall be considered as a part of the bill in such sense that, upon demurrer, the court may look into the exhibits and receive what appears therein to falsify the complainant's express allegations.   The complainant contracted to give a perfect

title, and specific performance cannot be decreed at his suit unless he be prepared to furnish such perfect title ; and his readiness and ability to do this ought, we think, to be affirmatively set forth in the bill, for so are the precedents ; though it is held that, if he show himself able to make a good title at the time of final decree, this will satisfy the averment.

Now, if we are to consider the exhibits as a part of the bill, in the sense in which counsel have assumed that they are, it may well be doubted whether complainant has such a title as he has contracted to convey. But whether the exhibits are a part of the bill in this sense, and so are brought into view upon demurrer, is a question upon which we are not agreed.

But, however the first question may be resolved, we are all of opinion that the second must be answered in the negative, for, assuming that the complainant's bill sufficiently makes out his equity to have the contract which is set up specifically performed, yet the court below has decreed that the defendant below, by a day limited, make payment of the purchase-money, or, in default of such payment, surrender the contract to be canceled ; and there is no requirement upon the complainant to make the conveyance which was the consideration of the defendant's promise to pay. That is to say, the defendant is required to perform on his part, and complainant is at liberty to perform, or omit to perform, at his own option.

It is true that the bill contains an offer to produce, subject to the order of the court, the conveyance which, it is averred, complainant had before tendered to the defendant ; but there is nothing to show that such conveyance was, in fact, ever brought into court or delivered to any officer of court ; and the original cause being determined by the final decree, it appears to us doubtful whether the defendant has any remedy to compel its production. The decree ought to be a final determination of the whole controversy, so far as the case made warrants. The purchaser ought not to be required to pay the purchase-money, and then resort to his

motion or bill of review, or other process, if there be any effectual to this end, to secure a conveyance.

As to the third question : The argument of counsel for the plaintiff in error upon this point rests upon two assumptions, namely : 1. That the conveyance of Baca's heirs, alleged to have been executed to the complainant, is to be taken as a part of the bill or demurrer ; and, 2. That unless complainant's bill shows a case for specific performance, which is the relief specially prayed, he can have no relief whatever. To the first of these, as before said, we are not prepared to assent, and the latter we conceive to be opposed to both reason and authority. For though, when it is doubtful to what relief in particular the complainant, upon the state of facts, is entitled, the bill ought technically to be framed with a double aspect, or with a prayer for alternative relief, yet nothing is better settled than that when specific relief in one form only is prayed, and this relief cannot be granted, the court may, nevertheless, when the bill contains the general prayer, grant any relief consistent with the facts stated, unless in the particular case this course would operate to surprise the defendant.

Now in this case the bill alleges and the demurrer admits that the defendant has enjoyed the lands which are the subject of the controversy, his possession being derived from the complainant, since the year 1863 ; and granting, for the argument sake, that the complainant is not able to make out such a title as the defendant contracted for, nevertheless the defendant, if he will not accept such title as the complainant tenders, ought certainly not to retain this possession. He cannot have both the lands and the money which he has agreed to pay for the lands. *Smith* v. *Lloyd,* 1 Madd. 56 ; *Clark* v. *Willson,* 15 Vesey, 317 ; *Tindall* v. *Cobham,* 6 M. & K. 385.

It appears by the English cases, which I have cited, that where there is a controversy as to the title tendered, and the purchaser has already been let into possession, the court will, on mere motion, require him to either bring the purchase-money into court or yield up the possession. I do

not see that it is said that the bill must, on its face, show a case for specific performance in order to entitle the vendor to his motion, nor upon principle ought this to be required; for when the vendor's bill does aver his ability to make title, his right to the provisional alternative relief, by motion, as practiced in the English courts, rests not at all upon this averment, but upon the principle that he ought not to be deprived of the lands, nor kept out of possession thereof without compensation, even though his title be defective. To have afforded such relief would certainly, therefore, have been consistent with the case made by the bill, whether the title there set up be a perfect title, or otherwise. Neither could it have occasioned surprise or prejudice to the defendant, for it would have been the same relief which the bill prays specifically, though in less degree.

We are of opinion, therefore, that no error was committed in overruling the demurrer to complainant's bill.

For the error in the final decree, however, that decree will be reversed, and the cause is now remanded to the district court for further proceedings according to equity.

*Reversed.*