In our opinion, the proceedings have been regular and without substantial error, and the orders made below must be affirmed. The position occupied by the relator was not a confidential relation to the appointing officer. People v. Sutton, 88 Hun, 173, 34 N. Y. Supp. 487. The rulings of the court upon the trial were correct. The failure to serve notice to produce the papers which the relator claimed to have mailed to the comptroller, in regard to his service as a fireman, and whose contents he was allowed to prove, was of no importance, in view of the comptroller's denial that he had ever received such papers. The proof that the relator had not had any employment since his discharge was beneficial, rather than injurious, to the comptroller on the question of damages, since the learned trial judge held that it was the relator's duty to get work if he could. The questions put to the comptroller on cross-examination, as to what he had said in reference to veteran firemen generally, were permissible within the discretion of the court. The exclusion of the civil service regulations was not error. Even though the civil service commissioners of the city of Brooklyn deemed the relator's position to be a confidential one, for the purpose of classifying positions in the municipal service, we do not think their conclusion in this respect would be binding upon the court in the construction or application of the veteran act, whose protection was invoked by the relator in this proceeding. The advice which the comptroller received from counsel, as to his power to remove veteran firemen generally, was immaterial, and was properly excluded. It did not apply to the case of the relator. The comptroller himself could hardly have deemed the relator's position to be confidential, for he testified upon cross-examination: "If I had known that Crummey was a veteran fireman, I would not have dismissed him. I would have retained him, because I believe I would have no right to dismiss him." Ample authority for allowing the jury to assess the damages sustained by the relator is found in the provisions of section 2088 of the Code of Civil Procedure.

The orders appealed from must be affirmed, with costs.

---

(9 App. Div. 120.)

MOUBRAY v. DIECKMAN et al.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

1. SPECIFIC PERFORMANCE—RECOVERY OF DAMAGES.
   Damages may be awarded in an action for specific performance, though the specific performance is denied.

2. SAME—PARTIES.
   In an action for specific performance of a contract to convey land, the person who holds the legal title is a necessary defendant, though he has no beneficial interest.

3. ACTION—JOINDER OF CAUSES.
   A complaint may ask for specific performance, or, in the event that such relief cannot be decreed, for an award of damages, or may ask for both specific performance and damages.

Appeal from special term, Kings county.

Action by Edward H. Moubray against Richard Dieckman and another for specific performance of a contract entered into between plaintiff and defendant Funston for the exchange of real estate in the city of Brooklyn, the record and title to which was in defendant Dieckman. From an interlocutory judgment overruling defendant Dieckman's demurrer, said defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Charles M. Stafford, for appellant.
H. H. Snedeker, for respondent.

PER CURIAM. The appeal in this case is without merit, and, upon the law, does not present a debatable question. It is well settled that in an action for specific performance the specific relief may be denied, and an award of damages may be made. Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298; O'Beirne v. Bullis, 2 App. Div. 545, 38 N. Y. Supp. 4. The pleader had the clear right to ask for specific performance, or, in the event that it could not be decreed, to ask for an award of damages, or to ask for both specific performance and damages. Witherbee v. Meyer, 84 Hun, 146, 32 N. Y. Supp. 537. Dieckman was a necessary party, as he held the legal title. The complaint alleged that he was without interest in fact, but that he held the legal title for the benefit of the other defendant, who alone was beneficially interested. In order to obtain specific performance, it was absolutely necessary that Dieckman be made a party, in order that the proper conveyance might be made. In section 447, Code Civ. Proc., is found the authority for making him a party; and the fact that he might not be affected by the judgment if specific performance was denied, and damages awarded, in no way affects the question of his proper joinder as a party defendant in the action.

The judgment appealed from should be affirmed, with costs, with leave to the defendant Dieckman to answer within 20 days after the service of a copy of the judgment, on payment of costs.

---

(9 App. Div. 172.)

MANHATTAN RUBBER-SHOE CO. v. CHICAGO, B. & Q. R. CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

1. CARRIERS—STORING GOODS AT DESTINATION.
    Where the consignee refuses to accept goods, the carrier may place them in storage, and thereby relieve itself from further responsibility.
2. SAME—REFUSAL OF CONSIGNEE TO ACCEPT GOODS—NOTICE.
    A carrier need not give the consignor notice that the consignee refuses to accept the goods, where such notice was given by the consignee.

Appeal from trial term, Suffolk county.

Action by the Manhattan Rubber-Shoe Company against the Chicago, Burlington & Quincy Railroad Company to recover damages for the alleged nondelivery of goods shipped by plaintiff over defendant's railroad. From a judgment entered on the verdict in