CASE 75.—ACTION BY C. W. SEWELL AGAINST B. M. HAGINS
AND OTHERS FOR THE ENFORCEMENT OF A
CONTRACT TO BUILD A PARTY WALL BETWEEN
THEIR ADJOINING LOTS.—February 8.

# Hagins, &c., v. Sewell

Appeal from Breathitt Circuit Court.

ROBERT RIDDELL, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Specific Performance—Damages.—Where a contract for the
sale of a lot required the vendee to construct a building within
18 months and erect a party wall on the east side, adjoining
the vendor's remaining vacant property, and in a suit to
enforce performance of such stipulation plaintiff neither
alleged nor proved that he had lost the sale of his adjoining
lot through defendant's failure to erect the wall, nor that
plaintiff intended himself to erect a building on the lot, he
was not entitled to recover damages for defendant's failure
to erect the wall within the time prescribed.

2. Same.—Where a deed to a vacant lot contained a covenant
obligating the vendee to erect a building on the land con-
veyed, .together with a party wall adjoining the vendor's
remaining premises, and the vendee failed to erect the wall
within the time prescribed. the vendor, suing for specific
performance, was entitled to a judgment for the cost of the
wall in case the vendee should fail to perform within the time
allowed by the court.

3. Same—Judgment—Operation and Effect.—Where, in a suit to
compel performance of a covenant to construct a building and
a party wall on a lot conveyed, complainant recovered a judg-
ment for the cost of the wall in case defendant should fail
to erect it within the time limited by the court, complainant,
if he collected the judgment and failed to erect the wall and
the same should afterwards be erected by defendant, would
not be entitled to use the wall without paying for the privil·

Hagins, &c., v. Sewell.

ege, while if complainant erected the wall after collecting
the judgment, defendant or his vendee would be permitted
to use it without making further contribution.

KELLY KASH & J. J. C. BACH, attorneys for appellants.

Our chief objection to the judgment of the court is the decision
awarding damages without trial by jury, and awarding and adjudg-
ing a lien against property for unliquidated damages without
some express understanding between the parties to that effect.

We insist further that the judgment is erroneous in adjudging
that defendant should construct the building in question on or
before October 1, 1905, the judgment being entered in May of
the same year, the time being inadequate and insufficient in which
to construct such building.

That the judgment is erroneous in sustaining plaintiff's motion
to strike from defendant's answer the plea of the Statute of
Limitations as a bar to plaintiff's right to a specific performance
of the contract.

We insist that plaintiff's claim of damages is unwarranted and
unfounded, light, weak and feathery and is founded neither upon
wrongs or torts committed by these appellants nor damages or
loss sustained by appellee; and that the claim of lien is infinitely
more long-drawn and far-fetched and is supported neither by con-
tract of parties either express or implied, nor by equity or opera-
tion of law.

For these reasons we insist that the judgment of the lower court
awarding damages against appellants and a lien against their
property should be reversed.

W. W. McGUIRE and O. H. POLLARD for appellees.

By the contract appellants received conveyance to a valuable
lot, for which they agreed to pay $1,500, and to erect a building
with a wall on the dividing line of the appellees lot for the joint
use of both parties.

Appellee parted with the title and delivered possession to appel-
lants on the faith of the undertaking. The consideration has
not been paid.

Can appellants take appellees property under a solemn contract
requiring him to perform certain acts as part of the consideration
and then refuse performance?

The learned chancellor took a very different view of it and
adjudged that appellee was damaged in the sum of $600 and we
submit that this judgment should be affirmed with a lien on the
property to secure its payment it being a settled rule in this State

that, as between the parties the grantor has a lien for the unsatisfied part of the consideration even though the deed recites that the same has been paid in full. (Ross v. Adams, 13 Bush, 370; Brown v. Ferrell, 83 Ky., 417.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On the 5th day of March, 1895, the appellee sold and conveyed to the appellants a lot in the town of Jackson, Ky., for $1,500, $1,266.80 cash in hand paid, and lien was retained for the remaining $233.20, due in four months. The deed contained this further stipulation, to-wit: "In addition to the money consideration aforesaid, the said parties of the second part agree to build within 18 months, upon the lot hereinafter described, a two-story brick building, the stories to be 22 feet high, and the wall above the square to be of proper height in front and rear; the said building to be 60 feet in length, and the wall and cellar wall on the eastern side to be fireproof, and to be so constructed that the party of the first part or his successors can join to it another building of the same height and length, and any conveyance by them shall require their vendee to do likewise." The money consideration has all been paid; but the appellants have failed to erect this house as stipulated in the deed. The lot sold to appellants is situated on the corner of Main and Jail streets. The appellee owns, and did at the time of the conveyance, the lot east of and adjoining this lot; and the object of requiring a fireproof wall was for the purpose of allowing him, or any vendee of the lot, to use this fireproof wall as a wall of a building that he might erect upon the vacant lot. In September, 1902, appellee instituted this action against appellants, by which he sought to compel them to perform the contract in the erection of the building and to recover damages for the loss

sustained from the time they should have built it
under the contract to the time of filing the suit. The
appellants answered, making an issue as to the dam-
ages claimed, and alleging that they were willing, and
had been willing all the time, to comply with their
contract if appellee had demanded it, which he had
failed to do, and pleaded the statute of five years'
limitation against appellee's claim.

The court tried the case and entered the following
judgment, viz.: "The plaintiff moves to submit this
case for judgment on the merits. Defendants moved
the court to grant them an issue out of chancery to
try the question of damages, and by agreement the
case was submitted on each of the said motions; and
the court, being sufficiently advised upon the plead-
ings, proof, and exhibits, is of the opinion, and now
adjudges, that the defendants purchased from the
plaintiff the lot of land described as follows." Then,
describing the lot, it proceeds: "The court is further
of the opinion that the defendants have failed to pay
any part of the said consideration, except to pay the
$1,500. And the court now adjudges that the plaintiff
has been, at all times since the 5th day of March, 1895,
entitled to a specific performance of said contract and
obligation, and that the plaintiff has an enforceable
vendor's lien upon the lot of land herein described for
the purpose of enforcing said contract. The court is
further of the opinion, and now adjudges, that the
defendants construct said building as herein men-
tioned, and time is given them until the 1st day of
October, 1905, to complete same. Should they fail
to do so, the court is of the opinion, and so adjudges,
that the plaintiff recover of the defendants the value
of the building as contracted for to him, which is
$600. So much of the defendants' motion for an issue
out of chancery to try the question of damages result-

ing to plaintiff by reason of defendants' failure to construct said building within 18 months from the 5th day of March, 1895, to the filing of the plaintiff's petition, as is independent of the value of said building, which is fixed at $600, is granted, and said issue is awarded them.''

It is conceded by the parties that the court fixed $600 as the costs of the fireproof wall which appellants agreed to erect between theirs and appellee's lots. Appellee testified that it would cost that sum to erect it, and introduced a witness, who was a contractor and builder, who testified that it would cost $800; and appellants testified that they had obtained estimates, from skilled men in contracting and building, showing that it would cost less than that sum. The appellee also testified that the use of such a wall to his lot was worth $100 per annum, and, if it had been built, would have largely enhanced the value of his lot. The appellee did not allege or prove that he had lost a sale of his lot by reason of appellants' failure to erect this wall, nor did he allege or prove that he had intended himself to erect a building on his lot; and we are at a loss to understand how the use of this fire wall would have been of the value of $100 per annum, unless he had a building on his lot. We can understand how the erection of the wall with the privilege of joining his building would have enhanced the value of his lot. If appellee is permitted to recover the cost of building this wall, his loss occasioned by the failure of appellants to construct the wall will be adjusted. We are of the opinion that the court did not err in allowing appellee to recover the cost of erecting the wall; and, should he collect this judgment and fail to erect the wall, and the appellants, or their vendees, should afterwards erect it, as stipulated in the deed, appellee, nor his vendees,

should be allowed to join thereto without paying for the privilege. If appellee collects the judgment, and he or his vendee construct the wall, then appellants or their vendee should be permitted to. join their building to it.

The appellants' plea of limitation cannot avail them, for the reason that the contract was in writing. Accepting the deed, with the consideration named therein, the statute of 15 years applies.

The appellants also contend that the lower court had not the power to enforce specific performance and require the appellants to erect the building. As we understand the judgment, the court did not do this. It only fixed the time in which the appellants might perform the contract, so as to save themselves from being compelled to pay the $600 judgment. It was optional with them to perform the contract or pay that amount of money.

The appellants further complain of the action of the court in adjudging a lien upon the lot sold appellants for the payment of the $600. It is true that it was not stipulated in the deed that a lien was retained for the damage sustained by appellee on account of the failure of appellants to perform their obligation; but it was stated in the deed what part of the consideration remained unpaid, which meets the requirements of section 2358 of the Kentucky Statutes of 1903. A lien exists as to the vendee, although it does not appear from the deed that the purchase money remains unpaid; but in such cases the lien would not exist as against bona fide creditors and purchasers.

In our opinion the judgment of the lower court was an equitable settlement of the matters in litigation between the parties, except the transfer to the ordinary docket for the trial of the issue on the question

of damages.  A's stated, there was no such issue formed by the pleadings..

For the reasons stated, the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.