## Henderson v. Harbison-Walker Refractories Company.

(Decided December 3, 1915.)

### Appeal from Carter Circuit Court.

Judgment—Covenant—Suit for Damages—Conclusiveness of Judgment—Bar.—Where a right of way is conveyed under a covenant by the grantee to construct culverts and to construct and maintain cattle guards, fencing and gates, and the grantor sues for damages for such failure and recovers the actual damages which he has sustained and thereafter fails to build the structures required by the covenant, the judgment is a bar to any subsequent recovery of damages for a failure on the part of the grantee to maintain the structures.

FLANNERY & HARRIS and J. P. HOBSON & SON for appellant.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On December 17th, 1900, Lucinda Henderson and A. T. Henderson and wife, in consideration of $100 cash, sold and conveyed to G. E. Carlyle a right of way for a tram road twenty feet wide, to be located on the west side of Henderson Branch in Carter county. The deed contained the following provision:

"It is further agreed that if the party of the second part constructs said tram road through said lands he agrees to put in culverts where necessary to carry away surplus water which may be accumulated by reason of being obstructed by said tram road, and also to build and maintain a wire fence, a lawful fence with an eight-inch plank, one inch thick at the top and bottom. This fence to be built on both sides of right of way. He further agrees to construct and maintain cattle guards and gates on the line of said tram road where the parties of the first part may desire. It is further agreed that the party of the second part has the right to build said tram road or locate right of way through any portion of lands of parties of the first part west of Henderson's Branch as stream now runs. It is further agreed by the parties hereto that the second party, his heirs or assigns, has the right to begin the construction of said tram road at any time he may choose to do so. To have and to hold the same with all the appurtenances thereon, to the second party, their heirs and assigns forever, with covenant of general warranty."

Subsequently Lucinda Henderson died and the whole title to the right of way and adjoining land vested in A. T. Henderson. After acquiring the right of way, Carlyle transferred it to the Portsmouth Harbison-Walker Company, which in turn conveyed it to the Harbison-Walker Refractories Company.

In the year 1905, A. T. Henderson brought suit against the Portsmouth Harbison-Walker Company, the then owner of the right of way, to recover damages for a breach of the aforesaid covenant in the deed from Henderson to Carlyle. In his original petition Henderson alleged that defendant had broken its contract, "in that it has failed and refused to build and keep up such a fence as agreed upon and to erect gates and cattle guards as per agreement." In the amended petition he alleged that defendant had broken its contract in failing to put in culverts to carry off the surplus water. He also alleged that defendant had broken its contract in failing to put in cattle guards and that defendant had never put up the fence agreed on, or any fence along the right of way, or any gates.

After issue was joined the case was submitted to a jury under the following instruction:

"The court tells the jury, first, if they believe from the evidence that the plaintiff on December 17th, 1900, by deed put of record in the Carter County Court Clerk's office, conveyed to G. E. Carlyle a right of way for a 20-foot wide tram way through their tract of land on Henderson Branch in Carter county, part of the consideration therefor being that said Carlisle was to put in culverts where necessary reasonably sufficient to carry off the surplus waters that might accumulate from the obstruction by the tram way; also to build and maintain a lawful wire fence, to-wit: one 4½ feet high, sound and strong, and so close that cattle could not creep through, with 8-inch plank, an inch thick at the top and bottom thereof, and on both sides of the right of way; also to build and maintain cattle guards and gates on the tram way where reasonably necessary, and where the grantors might desire, and the jury further believe from the evidence that the defendant or grantees by deed of record claiming and deriving title from said Carlyle and the defendants have failed to build such culvert or culverts or to build and maintain such fencing, or to build and maintain such cattle guards and gates, then the jury will find for the plaintiffs such actual damages as they believe from the evidence they have sustained by any such failure, not exceeding $2,000, the sum claimed in the petition.

"And if they do not believe from the evidence as above set out, they will find for the defendants."

The jury returned a verdict in favor of plaintiff for $275, and judgment was entered accordingly.

On May 14th, 1914, plaintiff, A. T. Henderson, brought this action against the Harbison-Walker Refractories Company, the present owner of the right of way, to recover damages for its failure to put in such culverts as were necessary to carry off the surplus water, and to build and maintain a wire fence on both sides of the right of way; and for its further failure to construct and maintain cattle guards and gates on the line of said tram road. The defendant pleaded the proceedings and judgment in the case of Henderson v. Portsmouth Harbison-Walker Company in bar of plaintiff's right to recover. Plaintiff's demurrer to this plea was overruled. Thereupon plaintiff filed a reply, in which he admitted the regularity of the proceedings in his suit against the Portsmouth Harbison-Walker Company and pleaded, in substance, that these proceedings did not constitute a bar to the

present action. Defendant's demurrer to this reply was sustained. Plaintiff having declined to plead further, his petition was dismissed. Plaintiff. appeals.

The point is made that the obligation imposed by the deed on defendant is a covenant running with the land, and, therefore, gives to plaintiff a continuing right of action; that in the former action plaintiff recovered only the actual damages which he had sustained up to the time of the trial, and that if defendant thereafter failed to maintain the cattle guards, fencing and gates, plaintiff, notwithstanding the judgment in the former action, is now entitled to recover damages for such failure. In an action like this a party has two remedies: (1) He may sue for specific performance of the covenant, (2) or he may sue for damages. Of course, if he sues for specific performance and the defendant complies with the covenant and builds 'the structures required by the deed, but thereafter fails to maintain them, plaintiff may sue again and require the defendant to maintain them, or he may recover damages for his failure to maintain. If, instead of asking specific performance, he sues for damages, he, besides incidental damages up to the time of the trial for any injury to his land, or any inconvenience resulting from not having the structures, is entitled to recover what it would reasonably cost to build and maintain the structures. Big Sandy Railway Co. v. Rice's Admr., 146 Ky., 619, 143 S. W., 46; Cincinnati Southern Railroad Co. v. Hudson, 88 Ky., 480; Willson v. Illinois Central Railway Company, 29 Ky. Law Rep., 172. In its instruction to the jury in the former suit, the court authorized a recovery, not only for a failure to construct, but for a failure to maintain. It is true that he did not give the correct measure of damages, but authorized a finding of the actual damages that plaintiff had sustained. Under this instruction plaintiff was awarded damages in the sum of $275. What evidence was heard and what the jury took into consideration in fixing the amount of damages, it is impossible to say. Certain it is that they awarded what, in their judgment, was a sufficient sum to compensate plaintiff, not only for a failure to construct the structures, but for a failure to maintain, up to the time of the trial, those which the defendant was required by the deed to maintain. Therefore, even if it be conceded that plaintiff did not recover damages for failure of future maintenance, because the trial court did not give a correct instruction on the measure of damages, it is clear that

plaintiff has recovered all the damages to which he is entitled because of defendant's failure to construct. If he then desired to hold defendant liable for a failure to maintain the structures, he should have used the money which he received as damages for defendant's failure to construct and himslf have built the structures. He can not hold defendant liable for a failure to maintain structures which have no existence because of his failure to build them with the money which was paid him by defendant for that purpose. Under the circumstances, therefore, the trial court properly held that the former judgment barred a recovery in this action.

Judgment affirmed.