FRALEY, Adm'r, et al. v. WILKINSON et al.

No. 9756—Opinion Filed June 29, 1920.

(Syllabus by the Court.)

1. **Cancellation of Instruments—Deeds—Fraud—Nonperformance of Promise.**

Mere nonperformance of a promise, although such promise is a part of the consideration for a deed, is not within itself either fraud or evidence of fraud. There must be either a specific averment that the contracting party made the promise with the secret intention of not performing it, or facts must be pleaded establishing such intent not to perform.

2. **Deeds—Conditions Precedent.**

A condition precedent is one that must be performed before the estate can vest or be enlarged.

3. **Same—Conditions Subsequent.**

A condition subsequent operates upon estates already created and vested and renders them liable to be defeated.

4. **Same—Rule of Construction—Conditions—Covenants.**

Courts are inclined to construe clauses in deeds as covenants rather than as conditions, if the language employed is capable of construction as a covenant, and if it be doubtful whether the clause is intended as a condition or as a covenant, the doubt will be resolved in favor of construing the clause as a covenant and not as a condition.

5. **Same — Conditions — Conditions Subsequent Favored.**

Where there is doubt as to whether a condition is precedent or subsequent, courts lean to that construction rendering performance a condition subsequent.

6. **Same—Construction of Deed—Promises—Conditions Subsequent.**

The absence of a provision for forfeiture or reversion for failure to erect a building on the land conveyed, or perform some other executory promise in connection therewith,

tends to refute an intention to make the performance a condition subsequent.

7. **Same—Estate on Condition.**

A recitation in a deed that it is made in consideration of a certain sum of money and the agreement of the grantee to do other things therein specified, such as construct a building on the land, etc., does not create an estate on condition.

8. **Same — Conditions Subsequent — Strict Construction.**

Conditions subsequent are always construed strictly, and will not work a forfeiture unless clearly expressed in unequivocal terms or necessarily implied.

9. **Pleading—Petition—Prayer.**

The plaintiff's prayer for a judgment is only a matter of form, and is no part of the statement of the cause of action.

10. **Same—Effect of Prayer for Wrong Relief.**

Under the Code of Civil Procedure in force in this state, a plaintiff is required to set forth the facts constituting a cause of action, and if he states facts showing that he is entitled to a remedy, either legal or equitable, his action will not be dismissed because he has misconceived the nature of his remedial rights and has asked for equitable relief when he should have asked for a legal remedy, or asked for the wrong equitable relief, or vice versa.

11. **Specific Performance—Refusal—Award of Damages.**

In suits for specific performance, the court may refuse to decree specific performance of the contract, but in lieu thereof award plaintiff compensation in damages.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Charles E. Fraley and wife against Leslie V. Wilkinson and another to cancel deed. Judgment for defendants, and plaintiffs bring error (Charles E. Fraley having died, the cause was revived in the name of his administrator, Wm. S. Fraley). Reversed.

Geo. A. Ahern and I. R. Mason, for plaintiffs in error.

Cruce & Potter, for defendants in error.

RAMSEY, J. Charles E. Fraley and wife filed their petition in the district court alleging that on May 19, 1915, they were the owners and in possession of a fifty-three foot lot in the city of Ardmore, which they sold to the defendants in error for $3,646.60 paid and the agreement to erect a brick building on the lot; that they conveyed said fifty-three-foot lot to the defendants by deed duly executed, acknowledged, and delivered; that they also owned considerable other property adjoining said lot and were interested in se-

curing the erection of a brick building on the lot sold to defendants; that said property was all suitable for building sites for business houses; that the consideration of $3,646.60 stated in the deed, while paid, was not all the consideration; that there was another and further consideration for the execution and delivery of said deed, to wit, "the obligation, promise, and agreement on the part of defendants to immediately construct and erect on said block of land a brick building," and "that had the defendants not promised and agreed to build the same, and had the same not been a part of the consideration, these plaintiffs would not have sold said block of land for the recited consideration therein." It is further alleged that defendants immediately upon the execution of the deed took possession of the fifty-three-foot lot and, although demanded by plaintiffs to construct the brick building as agreed, defendants, at first promising to do so in a short while, failed to erect said building, and after postponing same from time to time, giving one excuse after another, finally refused to erect the building, declaring they had a deed to the property and that it was theirs, and they did not intend to carry out their contract. Plaintiffs tendered defendants the $3,646.60 cash consideration, and demanded a reconveyance of the lot, which defendants refused. Plaintiffs offer to return the money and pray for rescission and cancellation of the deed. The defendants' demurrer to the petition was sustained, and as plaintiffs stood on the petition, the court rendered final judgment dismissing the same. Charles E. Fraley died and the suit was revived in the name of his administrator, and it is here on petition in error.

1. Mere nonperformance of a promise, although such promise is a part of the consideration for the deed, is not within itself either fraud or evidence of fraud. There must be either a specific averment that the contracting party made the promise with the secret intention of not performing it, or facts must be pleaded establishing such intent not to perform. Hayes v. Burkam, 51 Ind. 130; Patterson v. Wright, 64 Wis. 289, 25 N. W. 10; Fenwick v. Grimes, Fed. Cas. No. 4734; Cerny v. Paxton & Gallagher Co. (Neb.) 10 L. R. A. (N. S.) 640; Miller v. Sutliff, 241 Ill. 521, 24 L. R. A. (N. S.) 735; German National Bank v. Princeton State Bank (Wis.) 6 L. R. A. (N. S.) 556; Blackburn v. Morrison, 29 Okla. 510, 118 Pac. 402; McLean v. Southwestern Casualty Ins. Co., 61 Okla. 79, 159 Pac. 660.

2. The alleged agreement to erect the building was neither a condition precedent nor a condition subsequent. A condition subsequent operates upon estates already created and vested and renders them liable to be defeated; while a condition precedent is one that must be performed before the estate can vest or be enlarged. Courts are inclined to construe clauses in deeds as covenants rather than as conditions if the language employed is capable of construction as a covenant. If it be doubtful whether the clause is intended as a condition or a covenant, the doubt will be resolved in favor of construing the clause as a covenant and not as a condition. Jones on Landlord and Tenant, sec. 487; Johnson v. Gurley, 52 Tex. 222. Of course, the erection of the building was not a condition precedent. The defendants paid the cash consideration and the deed was delivered and they went in possession. Where there is doubt as to whether a condition is precedent or subsequent, courts lean to that construction rendering performance a condition subsequent. Ross v. Sanderson 63 Oklahoma, 162 Pac. 709; Front Street M. & O. R. R. Co. v. Butler, 50 Cal. 574; Tipton v. Feitner, 20 N. Y. 423-433; Antonelle v. Kennedy & Shaw. Lumber Co. (Cal.) 73 Pac. 966. The absence of a provision for forfeiture or reversion for failure to erect the building tends to refute an intention to make the erection of the building a condition subsequent. A recitation in a deed that it is made in consideration of a certain sum of money and the agreement of the grantee to do other things therein specified, that is, construct a building on the land, does not create an estate upon condition. The language used must be so clear as to leave no doubt that the grantor intended that an estate upon condition subsequent should be created. Conditions subsequent are always construed strictly, and will not work a forfeiture unless clearly expressed in unequivocal terms or necessarily implied. Hawley v. Kafitz (Cal.) 83 Pac. 248, 3 L. R. A. (N. S.) 741; Board of Education v. Brophy (N. J. Eq.) 106 Atl. 32. It is absolutely clear that the erection of the building was neither a condition precedent nor a condition subsequent, and that the failure to erect a building is no cause for rescission and cancellation. See Eckhart v. Irons, 128 Ill. 568, 20 N. E. 687; Carroll County Academy v. Trustees of Gallatin Academy, 104 Ky. 621, 47 S. W. 617; Clement v. Burtis, 121 N. Y. 708, 24 N. E. 1013; Hays v. St. Paul Church, 196 Ill. 633, 63 N. E. 1040; Minard v. Delaware, L & W. R. Co., 139 Fed. 60; Davis v. Jernigan, 71 Ark. 494, 76 S. W. 554; Braddy v. Elliott, 146 N. C. 578, 16 L. R. A. (N. S.) 1121; Soria v. Harrison County (Miss.) 50 So. 443; German E. P. Congregation v. Schreiber (Mo.) 209 S. W. 914; Nowak v. Dombrowski, 267 Ill. 103, 107 N. E. 807; Kamman v. Kamman (Ark.) 135 S. W. 905; Thompson v. Hart (Ga.) 66 S. E. 271; Koch v. Streuter, 232 Ill. 594, 83 N. E. 1072.

3. The plaintiffs misconceived their remedy. The district court no doubt sustained

the demurrer upon the theory that the plaintiffs were entitled to rescission or no relief, and not being entitled to rescission, no relief could be granted under the prayer. The demurrer admitted the facts alleged, and if it be true that defendants, as a part of the consideration, agreed to erect the building as alleged, and then refused to perform their contract, the plaintiffs are entitled to specific performance or damages in lieu thereof. The prayer for judgment is only a matter of form, and is no part of the statement of the cause of action. Smith v. Smith, 67 Kan. 841, 73 Pac. 56; King v. Milner (Colo.) 167 Pac. 958; Carson v. Butt, 4 Okla. 133. Under the Code of Civil Procedure in force in this state, a plaintiff is required to set forth the facts constituting a cause of action, and if he states facts showing that he is entitled to a remedy, either legal or equitable, his action will not be dismissed because he has misconceived the nature of his remedial right, and has asked for equitable relief when he should have asked for a legal remedy. A plaintiff is simply required to state the facts, and although he prays for legal relief when he is entitled to equitable relief, that makes no difference. If he shows facts constituting a cause of action, the error should be overlooked and that relief granted which the facts alleged and proved justify. Pomeroy's Code Remedies, sec. 11 to sec. 25, inclusive; 16 Ency. Pl. & Pr. 796.

The plaintiffs may reform their petition so as to ask for damages for breach of the contract to erect the building or for specific performance, and if that relief cannot be granted under the doctrine of Shubert v. Woodward, 167 Fed. 47; Lone Star Salt Co. v. T. S. L. R. Co., 99 Tex. 434, 90 S. W. 863, 3 L. R. A. (N. S.) 828; Edelen v. Samuels & Co., 126 Ky. 295, 103 S. W. 360; Berliner Gramaphone Co. v. Seaman, 110 Fed. 30; Javierre v. Central Altagracia, 217 U. S. 502; Rutland Marble Co. v. Ripley, 10 Wall. (U. S.) 339, 19 L. Ed. 955—then the plaintiffs may have the alternative relief of damages for the breach of the contract. Ball v. White, 50 Okla. 429, 150 Pac. 901; 20 Ency. Pl. & Pr. 482.

The petition does not disclose whether the alleged agreement to erect the building is evidenced by a separate writing or by parol testimony. Where a pleading fails to allege the character of the evidence, whether written or parol, to establish a contract, and the law requires the contract to be in writing, the presumption is that the contract was in writing. Whether parol evidence is competent to prove a contractual consideration in addition to a money consideration is a question on which we express no opinion; but see Tayiah v. Bunnell, 77 Okla. 40, 186 Pac. 240; Galveston, H. & S. A. R. R. Co. v. Pfeuffer, 56 Tex. 66; Houston & T. C. R. R. Co. v. McKinney, 55 Tex. 176; Thompson v. Thompson (Ind.) 68 Am. Dec. 638; Halvorsen v. Halvorson (Wis.) 97 N. W. 494; Chesson v. Pettijohn, 28 N. C. 121; 4 Ency. Ev. 204.

Upon the court sustaining the demurrer, plaintiffs could have amended their petition to conform to the suggestions herein made. Having failed to do so, the reversal of this case with leave to amend in the trial court is a matter of grace and not of right. Section 5261, Rev. Laws 1910, directs a judgment in favor of plaintiffs in error for the recovery of their costs, including cost of the transcript of the proceedings or case-made filed with the petition in error, unless the case is reversed in part and affirmed in part. It would not be just for the plaintiffs in error in this case to recover their cost on appeal. It is therefore ordered that the judgment of the district court be and the same is hereby reversed and the case remanded to the district court of Carter county, with directions to permit plaintiffs to recast their pleadings as herein suggested, this order of reversal being conditioned, however, upon plaintiffs in error within 15 days from this date filing with the clerk of this court a written statement confessing judgment for all the cost of this appeal. Unless such confession of judgment is filed within 15 days from this date. the judgment of the trial court will be affirmed.

HARRISON, V. C. J., and PITCHFORD. JOHNSON, and McNEILL, JJ., concur.