## OKMULGEE PRODUCING & REFINING CO. v. BAUGH.

No. 11970—Opinion Filed Jan. 9, 1925.

Rehearing Denied Sept. 8, 1925.

1. **Action—Equitable and Law Causes of Action in Same Petition.**

Under section 266, Comp. Stat. 1921, an equitable cause and a law cause of action may be united in the same petition and relief granted or denied in each cause as the facts and circumstances warrant.

2. **Same—Trial—Waiver of Jury Trial.**

In an action where the two causes are united in one petition, the facts in the equity cause may be tried to the court and the facts in the law cause tried to a jury, or both parties can waive the right by going to trial before the court on the whole case without asking for a jury and without objection on this ground.

3. **Specific Performance—Damages Where Equitable Relief Impracticable—Drilling Contract for Oil Well.**

In an action for specific performance to enforce a contract to drill an oil and gas test well, and for damages, the court may refuse to decree specific performance on the ground that the relief asked for is impracticable, and award such damages as the proof shows the plaintiff entitled to.

4. **Same—Measure of Damages.**

Where plaintiff and defendant enter into a written contract in which plaintiff agrees to assign two blocks of oil and gas leases in different localities as a consideration for the defendant to put down two test wells to a certain depth and within a certain time to explore for oil and gas, and the contract shows the plaintiff is to be benefited by the adventure in the increase of value of leases he holds surrounding the blocks of leases to be assigned, and the defendant constructs the derricks, and the assignments are made, and the defendant fails and refuses to put down the test wells, and plaintiff brings suit for specific performance and damages, and the court refuses specific performance, but awards damages, the measure is the cost of drilling the test wells.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by C. J. Baugh against Okmulgee Producing & Refining Company. Judgment for plaintiff, and defendant brings error. Affirmed on condition.

Wm. H. McClarin, Poe & Lundy, C. B. McCrory, and T. F. Shackelford, for plaintiff in error.

West, Sherman, Davidson & Moore, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Okmulgee county by the plaintiff in error, defendant below, in favor of defendant in error, plaintiff below. The parties will be referred to as they appeared in the trial court. The plaintiff brought suit against the defendant upon a written contract executed April 25, 1917, and modified as to time of performance on May 15, 1917. The material allegations of the petition are stated in the defendant's brief as follows:

"That the contract provided for the drilling of two wells on the land of the assignee, the defendant herein; that the purpose of the contract was the drilling of the two test wells; that the same was extended until derricks had been constructed upon the lands therein described, and that the derricks were erected; that the defendant failed to drill the wells provided in said contract; that the plaintiff in reliance upon said contract and agreement on the part of the defendant to test said lands for oil and gas, and in pursuance of his intention and purpose at the time of making the said contract to acquire other leases in said ranges 13 and 14, did acquire them, for which he paid in bonuses the sum of $5,000; that he had retained one thousand acres which he owned at the commencement of the action; that on said leases, acquired after making the contract, and on the leases owned by him at the time of making said contract, he agreed to pay rentals for the privilege of delaying drilling herein, that in the taking of said leases and in the payment of said rentals therein, he relied on the promises and agreement of the defendant to drill said test wells, so that the land in said ranges 13 and 14 might be tested for oil and gas; that he had an interest in the lands and leases so assigned, and in the leases and lands acquired and retained by him as aforesaid, and that if the said test wells should prove productive, he would have realized a profit on his investment; that if said wells should have proved to be dry, the said lands would have been of no value; that by reason of the delay in drilling said wells, plaintiff paid out as rentals the sum of $9,578, which he would not have been obliged to pay under his agreement with his lessors if the said defendant had performed its contract with reasonable and proper diligence, and drilled said test wells; that the cost and expense of driling said test wells, in accordance with said contract, to a depth of 2,500 feet, if the drilling to such a depth becomes necessary, is approximately $18,650, and that it would have cost the plaintiff, had it become necessary for him to perform said contract, said sum of $18,650, for each of said test wells. That the plaintiff had no adequate remedy at law in the premises, and that there is no certain or adequate measure of damages fixed by law for the failure of defendant to drill said wells on said land. Wherefore, he prays that the defendant be required by the decree of this court, to specifically perform said contract. or second, that the plaintiff be authorized and directed by the decree of this court to drill and complete the said test wells, at the cost of the defendant, or third, that the plaintiff have and recover judgment against the defendant for $37,300, or such amount as it may be shown will be necessary to perform said contract and to drill said test wells in accordance therewith; fourth, that the plaintiff have and recover of the defendant, in addition to the cost of drilling said wells, as damages for its delay in the performance of said contract, in the sum of $15,000."

There was a copy of the contract attached to the petition and made a part of it. The defendant filed a demurrer to the petition stating that it was not sufficient to give the court jurisdiction over the defendant and the subject of the action; that there were two inconsistent causes of action improperly joined, one being an action for specific performance of a written contract, and the other for damages for nonperformance of said contract. The court overruled the demurrer, and the defendant saved an exception. On June 24, 1918, defendant filed its answer, consisting of a general denial and pleading lack of authority in the execution of the contract claimed by the plaintiff, and that the contract was ultra vires and void and should be canceled by the court, and that a court of equity has no jurisdiction of the subject-matter of the action, the same being for the specific performance of an executory contract for work and labor in drilling and constructing oil wells. and cannot be enforced in specie.

These issues were tried to the court without either party asking for a jury, and on October 22, 1919, the court rendered judgment as follows:

"The court, in this case, finds that specific performance of this contract cannot be enforced by the court; that the court further finds that the plaintiff is entitled to damages and is not now familiar with the testimony as introduced, but inasmuch as there is no dispute as to the amount of rentals paid during the time the drilling operations were delayed, the court finds that the rentals so paid would be as shown by the proof in this case and would be chargeable as damages as against the defendant. Prepare the journal entry. Also the costs of drilling a well in such amount as shown by the testimony in the event they drilled the well themselves, and also as to the rentals they had to pay by reason of the failure to drill the wells in controversy, all such actual damages as were proven in the trial of the case."

On November 17, 1919, on motion of the defendant to modify the decree and to vacate the judgment awarding damages, the court made the following order:

"Let the record show that the purported order heretofore made, to which this motion is directed, is now set aside, and the court now finds that specific performance is not practical in this case and therefore specific performance is denied, and the court retains jurisdiction as to the assessment of damages proven in the case and assesses the damages in the sum of $27,000. It is divided: $14,000 for drilling two wells, and $13,000 money paid by plaintiff in rentals both for himself and for the defendant."

1. The defendant urges that the court should have sustained its demurrer to the petition. Counsel for defendant contend that since the petition stated that the contract relied upon and to be enforced provided for work and labor in drilling two oil wells to a depth of not more than 2,500 feet, and damages in the matter of rentals on oil and gas leases, which the plaintiff had to pay on account of the defendant's delay and failure to fulfill the contract, or these damages and alternative damages in the sum of $37,000, being the estimated cost of drilling the wells, and the further facts stated that the contract contemplated profits to the plaintiff by reason of the increase in the value of their leaseholds surrounding the location of the wells, and that these damages were of such a nature as to be irreparable and for which he had no adequate remedy at law, that these facts were not sufficient to invoke the jurisdiction of the court for granting relief either in equity or in law. Then counsel for defendant lays down this proposition in his brief.

"That if the facts stated on the face of the bill are inadequate to state a cause

of action upon which the court will render equitable relief, then the whole fails to state any facts upon which a judgment for damages may be predicated independent thereof."

Section 263, Comp. Stat. 1921, provides as follows:

"The rules of pleading heretofore existing in civil actions are abolished, and hereafter, the forms of pleadings in civil actions in courts of record, and the rules by which their sufficiency may be determined are those prescribed by this Code."

And section 266 provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes: First. The same transaction or transactions connected with the same subject of action. Second. Contracts, express or implied."

Under the statutes the petition is sufficient to state two causes of action, both growing out of the same contract and transaction, one asking for equitable relief based upon irreparable injury in the matter of value of his oil and gas leases and rentals on leases because defendant delayed the work and failed to comply with the contract, and the other for damages caused by the delay and failure to fulfill the contract.

As we understand the judgment the court denied the plaintiff specific performance, but awarded him damages in the sum of $14,000, the proven cost of drilling two dry test wells, which must be sustained under the holding of this court in the case of Superior Oil & Gas Co. v. Mehlin, 25 Okla. 809, 108 Pac. 545. Chief Justice Dunn, speaking for the court, at page 819, announces the following rule:

"Notwithstanding the fact, however, that we are unable to grant to plaintiff the primary relief for which it prays, there is no fraud shown, and there are manifest equities in its behalf which we cannot pass without noticing. Plaintiff had paid defendant money in an effort on its part to carry out the terms of the contract as it assumed them to be, and defendant has received and retained this money, and apparently has made no offer of return. In addition thereto plaintiff, with the consent of defendant, entered upon his allotment, and erected a house on the same for a residence or office building; the exact cost of the same being uncertain. Plaintiff's petition contains a prayer for general relief, and in such cases the trend of authorities is that, where the equitable relief

specifically prayed for cannot be given, the plaintiff's action will not be dismissed, but in some proper manner he will be given an opportunity to obtain relief to the extent to which he is shown a right. 16 Ency. Plead. & Prac. p. 801; Seibert et al. v. Thompson et al., 8 Kan. 65; Martin et al. v. Martin, 44 Kan. 295, 24 Pac. 418." Fraley v. Wilkinson et al., 79 Okla. 21, 191 Pac. 156.

And the court awarded the plaintiff judgment in the sum of $13,000 as damages for delay in fulfilling contract, being the amount as shown by the testimony paid as rentals by the plaintiff to keep his leases in force, as well as some of the leases which had been assigned to the defendant.

We cannot see anything inconsistent in these two causes of action or anything inconsistent in the relief granted.

It is not necessary and would serve no good purpose to enter into a lengthy and technical discussion of equitable and law actions. They are both provided for in the same action under our statute of pleading and practice.

2. The defendant urges that the action was primarily an equitable action, and was tried as such to the court without a jury, and to allow the judgment based on breach of contract would be a denial of the defendant's right to trial by jury, but there is no merit in this contention, for the reason that the facts set out in the petition are sufficient to state the two causes of action and to invoke the jurisdiction of the court in giving relief in one or both instances, and when the defendant went into the trial of the case without asking for a jury he waived his right to a jury trial. Welch v. Commercial National Bank of Muskogee, 90 Okla. 221, 217 Pac. 476.

3. The second proposition of the defendant, in its brief, is that the "judgment is contrary to the law, in that the court had no jurisdiction to award damages." Citing Fourth Edition of Pomeroy's Equity Jurisprudence, volume 1, section 237, and many other authorities, but we cannot see where they are applicable under our Code of pleading and practice.

The object of the contract was to put down two test wells for oil and gas in "wildcat" territory. For this purpose the assignments of the leases were made. The defendant received full pay to put down the test wells. It built the derricks on the tracts of land agreed upon and gave every evidence of good faith up to that point, but they failed to do any actual drilling within the time agreed upon or after the time agreed upon. If they had drilled the wells and oil or gas was found in paying quantities the leases owned by the plaintiff would have been greatly increased in value. The commencement of the work of drilling would have given some definite value as shown by the proof, but there was no way to determine the value in case a successful test was made and therefore no adequate remedy at law was provided. The facts certainly should in equity. The remedy in specie might be impracticable, but alternative relief was practical in the particular case, and the $14,000 awarded, being $7,000 for drilling a test well in each case, according to the proof would enable the plaintiff to make the tests himself, and the court certainly had jurisdiction for this purpose. In the case of West v. Madansky, 80 Okla. 161, 194 Pac. 439, the court lays down this rule:

"Under our statutes and the system of Code pleading in this state, the district courts are endowed alike with the powers of a chancellor and a court of law, and where upon a given statement of facts, constituting but a single wrong, but which show the plaintiff entitled to relief, either in law or equity, and it is shown by the testimony that under the conditions it would be impracticable to render relief in equity, then the court will retain jurisdiction and grant such relief in law as, under the allegations and evidence, the plaintiff is entitled to receive."

It is a well-established rule under the Code procedure of pleading and practice that in an action for specific performance, specific relief may be denied and the award of damages made. Moubray v. Dieckman, 41 N. Y. Supp. 82; Haffey v. Lynch (N. Y.) 38 N. E. 298; Thresher v. Stonington Savings Bank (Conn.) 36 Atl. 38; Speer v. Erie Ry. Co. (N. Y.) 80 Atl. 197; Barlow v. Scott, 24 N. Y. 40; Holland v. Anderson, 38 Mo. 55; Gilpin v. Watts, 1 Colo. 479; Messer v. Hibernia Saving & Loan Society (Cal.) 84 Pac. 835; Mitchell v. Shepard, 13 Tex. 483; Stramel v. Hall (Kan.) 154 Pac. 232; Henderson v. Harbison Walker Refractories Co. (Ky.) 180 S. W. 82; Linthicum et al. v. Washington, B. & A. Electric Ry. Co. (Md.) 92 Atl. 917; Superior Oil & Gas Co. v. Mehlen, 25 Okla. 809, 108 Pac. 155; Shilling v. Moore, 34 Okla. 155, 125 Pac. 487; Owens v. Purdy, 90 Okla. 256, 217 Pac. 425; Fraley v. Wilkinson et al., 79 Okla. 21, 191 Pac. 156 .

In the case of Owens et al. v. Purdy et al., supra, the rule is comprehensively stated as follows:

"It is the plain, persistent, unyielding intent of the Legislature to make the foregoing Code provisions mandatory. When a plaintiff has complied with such provisions, and stated facts which show that he has sustained a detriment without fault on his part, and shows that such detriment has been caused by the wrongful conduct of another, stated facts which show with reasonable clearness that in law or equity the party guilty of such wrongful conduct is liable to plaintiff for the results thereof, it then becomes the duty of the courts, under the purpose for which they are created, to determine from the allegations and proof what relief the plaintiff may be entitled to, and in order to enable them to fulfill such purpose, the district courts are endowed with the dual power of a chancellor and a court at law, so that, under the facts stated and proven, if the law be adequate, then the court will award such relief as the law authorizes, but if the law be inadequate to proper relief, then, the court, in its power as a chancellor, will award such relief as in equity and good conscience the allegations and proof show the plaintiff entitled to receive."

4. The defendant further contends that the judgment of the court in awarding damages to plaintiff is contrary to law for the reason that it is based upon erroneous measure of damages. Citing the case of Chamberlain v. Parker, 45 N. Y. 569, being a case decided by the New York court May 30, 1871. The action in that case was based upon a contract, made February 17, 1865, which conveyed all the interest of the plaintiff to the defendant in the premises described, and left in the plaintiff no reversion but a right of entry merely, on breach of condition subsequent. The defendant in the agreement of conveyance was to sink a well on the premises, and upon failure to perform this agreement the plaintiff brought suit for damages and recovered as damages the value of sinking the well, and on appeal the cause was reversed, the court holding that this was not the proper measure of damages in this case, because there was nothing in the record to show that the plaintiff would be benefited by sinking the well nor lose anything by it not being done, but we cannot see how this case is applicable and controlling in the case at bar for the reason that in this case the parties contracted for the definite purpose of testing out the oil products in that locality, and it was a part of the stipulation that the plaintiff owned a large acreage of oil and gas leases surrounding the wells to be drilled, and while the wells were not to be drilled on any tracts held by him, but on tracts he was to assign and did assign to the defendant, and the proof in the trial of the case showed that the commencement of drilling would enhance the value of his property, and if oil and gas were found in paying quantities he would be benefited by the results of drilling the wells. The facts differ far and wide from the Chamberlain-Parker Case.

We think the rule applicable to the instant case is laid down in Ardizonne v. Archer, 72 Okla. 70, 178 Pac. 263, decided by this court January 7, 1919; Fraley v. Wilkinson et al., 79 Okla. 21, 191 Pac. 156; North Healdton Oil & Gas Co. v. Skelly, 59 Okla. 128, 158 Pac. 1180; Henry Oil Co. v. Head (Tex. Civ. App.) 163 S. W. 311; Hagains et al. v. Sewell (Ky. App.) 99 S. W. 673; Stuyvesant v. Mayor of New York City, 11 Paige, 414; Sanzenbacher v. Howard Clay Oil Co., 283 Fed. 13.

Appellant contends that the court was in error in holding that rental paid constitutes an element of damages, and in this we concur. No very clear and definite rule has been announced as to the measure of damages in cases of this character, but as a general rule we hold that the cost of drilling test wells is the correct measure of damages, which is not of the most definite nature but is capable of computation within a reasonable degree of certainty; other expenditures incurred by way of payment of rentals and for additional leases acquired are remote and speculative, and do not grow directly out of the contract sued on. Rentals are paid in conformity to the provisions of the lease contract, and not the drilling contract, and the consideration agreed upon by the terms of the contract passes on the payment of the rental, to wit, the extension of the lease, and when one has received all that he is entitled to under the terms of his contract, no damages can arise which are recoverable. The fact that the thing received is of no value or of doubtful value, is of no concern, so we are of the opinion that the proper measure of damages is the cost of drilling only; and we, therefore, recommend that the case be reversed, upon condition, however, that should the plaintiff file a remittitur of $13,000, the amount of damages recovered for rentals paid, within 15 days from the rendition of this opinion, that the cause may then stand affirmed as to judgment of $14,000 damages based on cost of drilling.

By the Court: It is so ordered.