### ⟋ HAAG et al. v. SPARKS.

ADMINISTRATION—*When court of equity will interpose.*—Although a Court of Chancery will not interfere in the administration of an estate, already commenced in the Probate Court, and assume the settlement of a question concerning the estate, which rightfully belongs to the jurisdiction of the Probate Court,·yet, if the bill presents such a state of facts and circumstances as show that an irreparable injury is pending, against which the Probate Court is powerless to grant relief, the interposition of a Court of Chancery is allowable.

#### APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. E. D. HAM, *Circuit Judge.*

*Walker & Rogers,* for Appellants.

While a court of equity will not interfere with an estate in process of settlement in the Probate Court, yet, if the· administrator refuse or neglect to account, the creditors or distributees can hold him to account in a court of equity. *Mallett et al. v. Dexter,* 1 *Curtis, U. S. Ct. Ct. Rep.* 178; and certainly under our Code of Practice. See *Section* 465, *page* 141.

*A. H. Garland,* for Appellee.

The Probate Court has full and complete jurisdiction of administrations—to compel administrators to settle, etc. *Gould's Digest, Title, Administration, Sections* 122, 148; and until a party has exhausted all his remedy in that court, or

for fraud, etc., he cannot be heard in equity to force an administrator to settle the estate. 23 *Ark., p.* 93 *and cases cited;* 26 *Ark.,* 373.

STEPHENSON, J.—This was a bill filed by the heirs of John P. Haag, deceased, in the Circuit Court for the Fort Smith district of Sebastian county, against James H. Sparks and William Levy, administrators, and Volney V. Milor, administrator, *de bonis non,* of the estate of said Haag.

The bill charges that John P. Haag, father of the plaintiffs, died about February 11, 1861, possessed of a large amount of personal property, greatly more than sufficient to satisfy and pay his just debts and funeral expenses; that in March following, James H. Sparks and William Levy, two of the defendants herein, obtained letters of administration upon the estate, from the Probate Court of Sebastian county, and possessed themselves of the personal estate of the intestate; that debts to the amount of $485 75 have been proved and allowed against the estate; that soon after getting possession of the property, Sparks and Levy sold the same and invested the proceeds in their private business, and have never paid over or accounted to any person for the same, but, on the contrary, fraudulently converted the same to their own use; that they have never filed any account current or sales bill in the Probate Court, so that the plaintiffs are unable to state the true amount of the estate, but they believe and so charge, that they received in money (gold) $665, and of the proceeds of the sale $1000; that soon after the sale of the property, Levy left the State, and plaintiffs have been unable to learn his whereabouts. That recently, James H. Sparks has been adjudged a bankrupt, and is now in greatly embarrassed circumstances, wholly unable to pay his debts contracted since his bankruptcy, and those debts of a fiduciary character, from which he could not be discharged under the bankrupt law; that C. G. Hicken, who has since died insolvent, and John Beckel, who is also insolvent, were the only securities

on the administration bond, executed by the said Sparks and Levy; that, on account of the insolvency of Sparks, he is unable to give a new bond if required to do so; that Sparks is joint owner or tenant in common, with John F. Wheeler, of a printing and newspaper office, and the brick building containing it, on Garrison Avenue, in the city of Fort Smith; that he is now attempting to dispose of his interest in said premises, with the fraudulent intent of preventing this property from being subjected to liability to these plaintiffs, and in case he should effect such sale, any judgment which they might obtain against him, would be worthless; that this is all the property Sparks has out of which they can make their claim against him.

Plaintiffs further allege, that one Volney V. Milor claims to be administrator *de bonis non* of Haag, but allege that they are unable to find any record evidence of the revocation of the letters granted to Sparks and Levy, but pray that he may be made a party and required to disclose his alleged rights in the premises. Prayer of plaintiffs that Sparks be enjoined from selling or disposing of the property until an accounting can be had; that an account be taken of the property of the estate in the hands of Sparks. Also, that an account be taken of the debts and funeral expenses of the intestate; that the personal estate be applied in a due course of administration, and that the clear residue thereof be ordered and adjudged to be paid to the plaintiffs.

The record shows service upon Sparks, but none upon the other defendants. Sparks appeared and filed a general demurrer and answer to the bill, reserving several causes of special demurrer to be determined at the hearing.

The demurrer to the bill was sustained by the court, and the plaintiffs resting upon it; the bill was dismissed, and the plaintiffs appealed.

We have simply to inquire if the plaintiffs have set up such a state of facts as will entitle them to equitable relief.

This court, in *Clark vs. Shelton*, 16 *Ark.*, 481; *Dooly vs.*

*Dooly*, 14 *Ark.*, 122; *Moss vs. Sandefur*, 15 *Ark.*, 381, has defined the jurisdiction of the Probate Court, under existing statutes, so far, at least as is necessary to the determination of this case; and, in *Moran et al. vs. McCown et al.*, 23 *Ark.*, 94, *and Freeman et al. vs. Reagon*, 26 *Ark.*, 373, it is decided that, where the administration of an estate has been commenced in the Probate Court, and is in process of adjudication, a Court of Chancery will not assume the settlement of any question con- cerning the estate which rightfully belongs to the jurisdiction of the Probate Court, nor will it withdraw a case from that court.

If, therefore, the relief prayed for in this bill falls within the scope of the jurisdiction conferred on the Probate Court, as defined in the cases above cited, the demurrer was properly sustained.

Before proceeding to the consideration of the only question which we think involved here, we are constrained to remark that the long space of time through which the case has been allowed to sleep, undisturbed by that vigilance which the law requires at the hands of the court charged with the administration of dead men's estates, suggests the query, how far such neglect might be allowed to continue without the interposition of the superintending control of this court?

Appellants charge in their bill that one of the securities in the bond of Sparks and Levy is dead and his estate is insolvent, and that the other, though living, is also insolvent. That one of the administrators, soon after the sale of their father's personal estate, left the country, and has not since been heard of; that his co-administrator, Sparks, who interposes this demurrer, has been adjudged and discharged as a bankrupt; that he has become embarrassed and unable to pay his debts contracted since his bankruptcy, and those of a fiduciary character, from which the bankrupt law did not absolve him; that he is the part owner of a brick building in Fort Smith, and a printing and newspaper office, which he is attempting to sell for the fraudulent purpose of defeating the

claim of these appellants; and that this property is the sole reliance of the appellees for their money.

These allegations, which appellee, Sparks, by his demurrer admits to be true, certainly present a case where the appellants are in great danger of suffering irreparable mischief, if not relieved by some judicial power, and, from the authorities above referred to, it is clear that they are not relievable in the Probate Court. It is the peculiar province of the Chancellor, under the state of facts presented by these pleadings, to lay his hand upon this property and prevent the fraudulent disposal of it until the rights of Haag's heirs can be adjudicated and determined in the forum charged with that duty ; and we are of opinion that such a spur applied to the dormant energies of the appellee, would hasten a conclusion of the long slumber which the administration of this estate seems to have had in the Probate Court. We do not find it necessary to consider further the question of the withdrawal of the case from the Probate Court, as the Chancellor, upon the hearing, can, if he finds the allegations of the bill to be true, enjoin the sale of the property until the administrator files a sufficient bond for the faithful administration of the estate, or renders an account of his administration, or in case of his failure to do so, then the Chancellor could, with propriety, upon presentation to him of the indebtedness of Sparks to the estate, after his removal, decree its payment out of the property enjoined.

As we have determined that appellants are entitled to relief upon purely equitable grounds, and can obtain it as against the appellee, Sparks, as fully, under his bill, as if the administration of the estate was transferred to a Court of Chancery, we decline to go into the question presented by appellant's counsel, as to the power of removal into the Circuit Court of the administration of estates begun in the Probate Court under the provisions of *chapter 3, Code of Civil Practice.*

The decree of the Sebastian Circuit Court, sustaining the demurrer and dismissing the bill, is reversed, and the cause re-

manded, to be proceeded with to the hearing, in a manner not inconsistent with this opinion, and a temporary restraining order, as prayed in the bill, is granted until the further hearing before the Circuit Court, and upon the filing of a bond in the sum of $500 by the appellants, approved by the Circuit Clerk of Sebastian county.