## HUSTON *et al.* v. COBLEIGH.

### No. 2072.   Opinion Filed November 14, 1911.

#### (119 Pac. 416.)

GUARDIAN AND WARD—Lease of Lands Extending Beyond Minority —Validity. Mansfield's Digest, section 3502 (section 2398, Ind. Ter. Stat. 1899), as in force in the Indian Territory, empowered the United States courts in the Indian Territory, sitting as probate courts, to authorize the guardian to lease the lands of a minor according to the best interests of the ward, subject to the approval of the court; and sections 3509, 3510, and 3511 of said digest (sections 2504, 2505, and 2506, Ind. Ter. Stat. 1899) authorize the probate court to sell and lease for purposes of reinvestment or putting proceeds on interest. Held, that, while at common law all leases by a guardian to extend beyond the term of the guardianship were voidable, a lease of a minor's land pursuant to an order of the probate court was valid, though it extended beyond minority, following **Beauchamp v. Bertig,** (Ark.) 119 S. W. 74.

(Syllabus by the Court.)

*Error from District Court, Washington County; T. L. Brown, Judge.*

Action between E. B. Huston and others and John C. Cobleigh. From the judgment, Huston and others bring error. Affirmed.

*J. A. Tillotson* and *Standord & Stanford,* for plaintiffs in error.

*J. T. Shipman, J. P. O'Meara,* and *H. H. Montgomery,* for defendant in error.

WILLIAMS, J.  Counsel for plaintiffs in error in their brief say:

"The facts, as disclosed by the pleadings, raise several propositions, but we believe they are ultimately resolved into one; that is, Did the United States Court for the Northern District of the Indian Territory, sitting at Pryor Creek, have the power to decree the execution of a valid oil and gas mining lease upon the allotment of Agnes B. Henry, she being a minor Cherokee citizen, for a period extending beyond the minority of the allottee?"

It is contended by counsel for plaintiffs in error that said court was sitting in the exercise of probate jurisdiction only.  If so, certain acts as contained in Mansfield's Digest of the Statutes of Arkansas (1884) apply.  Such statutes, then in force in the Indian Territory, are as follows:

Mansfield's Digest, section 3502 (section 2398, Ind. Ter. Stat. 1899), empowered the United States courts in the Indian Territory, sitting as probate courts, to authorize the guardian to lease the lands of a minor according to the best interests of the ward, subject to the approval of the court; and sections 3509, 3510, and 3511, Mansfield's Digest (sections 2504, 2505, and 2506, Ind. Ter. Stat. 1899), authorize the probate court to sell and lease for purposes of reinvestment or putting proceeds on interest.

In *Beauchamp v. Bertig* (Ark.) 119 S. W. 76, it is said:

"Our statute empowers the probate court, upon being satisfied that it would be for the best interest of the estate of a minor, to make an order authorizing the guardian to rent the lands of such minor, publicly or privately, as in his judgment shall be best for the interest of his ward, subject to the approval of the probate court, or the judge thereof in vacation.  Sections 3789, 3790, Kirby's Digest.  It also gives the probate court power to sell or lease for purposes of reinvestment or putting proceeds on interest.  Section 3801, Kirby's Digest.  ·

"At the common law the guardian in socage could make a lease in his own name of the lands belonging to his infant ward, to continue only until the infant was 14 years of age, unless the

latter chose to continue it longer. But 'the common law,' says Drake, Justice, 'in its ever-watchful care of the interest of minors, has suffered their guardians to make advantageous leases for them continuing at the option of the minor beyond the age of 21.' *Snook v. Sutton,* 10 N. J. Law 133, and authorities cited.

"Under the common law, or statutes simply declaratory thereof, leases made by the guardians to extend beyond the term of the guardianship are voidable. Rogers on Domestic Relations, 861, note 5; 15 A. & E. Ency. Law (2d Ed.) 68 and 69, note 1; *Emerson v. Spicer,* 46 N. Y. 594; *Ross v. Gill,* 1 Wash. (Va.), 87; *Ross v. Gill,* 4 Call (Va.) 250; *Talbot v. Provine,* 7 Baxt. (Tenn.) 502, at page 510; 1 Bac. Abr. Leases; 2 Kent, Com. 228; 1 Wash. Real Prop. 307; Schouler, Dom. Rel. sec. 350, note 1; *Putnam v. Ritchie,* 6 Paige (N. Y.) 390; *Field v. Schieffelin,* 7 Johns. Ch. (N. Y.) 150, 11 Am. Dec. 441; *People ex rel. Hannagen v. Ingersoll,* 20 Hun (N. Y.) 316.

"In England from the time of Lord Hardwicke, the High Court of Chancery had no power to lease or sell an infant's real estate without the aid of act of Parliament. The course was to give reference to a master to inquire whether it would be for the benefit of the minors that application be made for an act of Parliament. *Russell v. Russell,* 1 & 2 Malloy, 258. But the supreme lawmaking power in our state has by the above statutes invested the probate court with power to sell and lease the lands of infants. The matter is left in the judgment of the probate court, and there are no limitations prescribed for the term of lease, and we are of the opinion, from the above and cognate provisions of chapter 76, Kirby's Dig., that none were intended. The best interest of the estate of the minor is the prime and only consideration, and that seems to be the only limit to his discretion within the statutory provisions. Complying with these, the intention of the lawmakers was to give the probate courts plenary power in the premises. Hence, the lease made by order of the court was valid, although it was to continue beyond the minority of the infants."

Section 3801, Kirby's Digest, is identical with section 3509, Mansfield's Digest (section 2405, Ind. Ter. Stat. 1899), and section 3803 of Kirby's Digest is identical with section 3511, *supra.* Sections 3789 and 3790 of Kirby's Digest provide for the annual leasing of the lands of minors when it shall be for the best interest of the ward, such renting to be subject to the approval of

the court or judge, and the taking of security for the payment of rent. Section 3502, *supra,* provides that "the probate court shall order the proper education of minors according to their means, and for that purpose may, from time to time, make the necessary appropriations of the money or personal estate of any minor, and when the personal estate shall be insufficient or not applicable to the object, upon application the court may order the lease or sale of real estate, or so much thereof as may be requisite," etc.

The statutes in force in the Indian Territory were fully as comprehensive in empowering the guardian, with the permission of the court, to execute a lease to extend beyond the minority of the minor as those of Arkansas at the time of the delivery of the opinion in *Beauchamp v. Bertig, supra,* which was on April 26, 1909. See, also, act of Congress, April 28, 1904, c. 1824, sec. 2, 33 U. S. Stat. p. 573; *Morrison et al. v. Burnette,* 83 C. C. A. 391, 154 Fed. 617.

At the time this lease was executed by the guardian, the land ·of the ward was also in the hands of a receiver appointed by the United States Court for the Northern District of the Indian Ter- ·ritory. The receiver was authorized to make a lease covering such period and the same was approved by the court, the lease being made by Amelia D. Henry jointly as the receiver of the estate of the minor and as guardian of the minor. The lease was approved by the Secretary of the Interior, and also by the United States Court, exercising chancery jurisdiction, and also ·by the same court, exercising probate jurisdiction. It seems to be settled that such court, exercising the powers of chancery, had authority to approve a lease extending beyond the· minority of the ward. *Ricardi et al. v. Gaboury et al.,* 115 Tenn. 484, 89 S. W. 98; *Marsh v. Reed,* 184 Ill. 263, 56 N. E. 306; *Branton v. Branton,* 23 Ark. 569; *Hagg v. Sparks,* 27 Ark. 594; ·*Hankins v. Layne,* 48 Ark. 545; *Turner v. Rogers,* 49 Ark. 51.

It follows that the judgment of the lower court must be affirmed.

DUNN, HAYES, and KANE, JJ., concur; TURNER, C. J., dissents.