## COWLES v. LEE *et al.*

No. 3311.   Opinion Filed December 3, 1912.

(128 Pac. 688.)

1. **GUARDIAN AND WARD**—Contracts—Confirmation by Court—Necessity. By sections 3506, 3509, and 3511 of Mansf. Dig. of Ark. 1884 (sections 2402, 2405, and 2407, Ind. Ter. Ann. St. 1899), all leases of minors' lands for a term of years by the guardian (not made by virtue of sections 3498 and 3500, Mansf. Dig.; sections 2394 and 2396, Ind. Ter. Ann. St.) are required to be reported by him and confirmed by the court. In the absence of such report and confirmation, no right under the lease passes to the purchaser; but where a guardian made application to the court, setting up the facts showing that the ward's real estate should be leased for investment, and that L. offered to take the lease for a certain period under specified terms, and prayed for an order of court directing him to enter into such lease with the said L. under said terms, and the court granted the order prayed for by the guardian and directed the guardian to execute the lease to L., held, that such order constituted a confirmation of the lease, and, if irregular, such irregularity would not vitiate the lease on collateral attack. Following Spade v. Morton et al., 28 Okla. 384, 114 Pac. 724.

2. **INDIANS**—Lands—Lease by Guardian. Leases of allotments of Indian minors in the Five Civilized Tribes confirmed and approved by the trial court in that jurisdiction since April 26, 1906, are not subject to the approval or disapproval of the Secretary of the Interior; but the orders of the court confirming and approving them are final.

3. **APPEAL AND ERROR**—Review—Questions of Fact—Trial by Court. Where a case is tried by a lower court without a jury, and special findings of fact are made, based partly upon oral testimony, such findings, as a rule, are conclusive upon any disputed and doubtful questions of fact.

Cowles v. Lee et al.

4. **GUARDIAN AND WARD** — Lands of Ward—Lease—Statutory Provisions. Mansf. Dig. sec. 3502 (section 2398, Ind. Ter. Ann. St. 1899), as in force in the Indian Territory, empowered the United States courts in the Indian Territory, sitting as district courts, to authorize the guardian to lease the lands of a minor according to the best interests of the ward, subject to the approval of the court; and sections 3509, 3510, and 3511 of said digest (sections 2405, 2406, and 2407, Ind. Ter. Ann. St. 1899) authorize the probate court to lease for purposes of reinvestment or putting proceeds on interest. **Held** that, while at common law all leases by a guardian to extend beyond the term of the guardianship were voidable, a lease of a minor's land pursuant to an order of the probate court was valid, though it extended beyond minority. Following **Beauchamp v. Bertig**, 90 Ark. 351, 119 S. W. 75, 23 L. R. A. (N. S.) 659.

(a) The United States courts in the Indian Territory, sitting as courts of chancery, had authority to approve such leases extending beyond the minority of the ward.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by James C. Cowles, Jr., against Alva C. Lee and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*J. P. O'Meara,* for plaintiff in error.

*A. F. Vandeventer, J. R. Charlton,* and *John J. Shea,* for defendants in error.

WILLIAMS, J. This proceeding in error is to review the judgment of the trial court in an action wherein the plaintiff in error, as plaintiff, sued the defendants in error, as defendants, to cancel a certain oil and gas lease on a certain alienable tract of land, purporting to extend fifteen years, and beyond the minority of the said plaintiff.

The following grounds are set up for cancellation: (1) Lease not confirmed by order of court. (2) Failure to pay royalties. (3) Failure to sink wells. (4) Assignment of the lease without the consent of the Secretary of the Interior. (5) Plaintiff, having become of age, elected not to ratify, but disaffirm, said lease, which extended beyond his minority.

Judgment was entered against the defendant Lee by default. Afterwards, on leave of the court, by amended petition, the Belvy Oil Company, to whom said lease had been assigned prior to the commencement of said action, was made a party. On application, the development for oil under this lease was stayed during the pendency of the action. Under the issues as framed a trial was had before the court, and judgment rendered in favor of the Belvy Oil Co.

In *Spade v. Morton et al.*, 28 Okla. 384, 114 Pac. 724, the sale was sought to be avoided on collateral attack, on the ground that it was never reported by the guardian or confirmed by the court. In the opinion it is said:

"There was, in this case, no formal report of the sale and confirmation thereof after the original order; but the guardian and the court appear to have acted under the impression that the statute authorizes a private sale; and when the guardian made his application for the original order he did not ask to be permitted to offer generally the land for sale, or to receive offers to purchase, but he submitted to the court a specific proposition from the defendant Morton to buy the land at a stipulated price, and prayed the court to authorize and direct him to sell the land to said Morton at said price. The order of the court finds that defendant Morton has offered to purchase the land at a specified price, which the court finds to be an adequate and sufficient price for the land, and the highest and best bid received by the guardian, and directs the guardian not to sell the land and report his action thereon to the court, but to execute to said Morton a deed of conveyance, conveying him the land for the consideration offered. This order, in our opinion, was intended by the court and all parties thereto to constitute the final consummation of the sale; and a subsequent order by the court, expressing its sanction of the sale, could, for that purpose, add nothing to the force of the language of the original order. The order did not direct the guardian to offer for bids, but to convey the land by the execution of a deed. When the proposition of defendant Morton was presented to the court by the application, and the court accepted and approved the same, the contract was finally consummated. If such method of consummating a sale was irregular, the irregularity could have been reviewed on appeal, but cannot be considered here. * * * In the case at bar the bid was reported and was accepted by the court, and the deed was executed; and, however irregular the making of the order in this form may

be, the effect thereof in this proceeding cannot be, we think, subject to much doubt."

At the time of the assignment of the lease, to wit, on August 10, 1910, the said James C. Cowles, Jr., was 21 years of age, having reached said period on the 10th day of July, 1910. This lease having been entered into under the laws as they existed prior to the erection of the state, under *Spade v. Morton et al., supra,* it was valid, unless it is rendered invalid on account of the term extending beyond the minority of said minor, or being assigned to the Belvy Oil Company without the approval of the Secretary of the Interior, or some other forfeiture of its terms.

The restrictions against alienation having been removed from said minor's allotment by virtue of the act of April 26, 1906 (34 St. at L. p. 137, c. 1876), after said date leases of allotments of minors in the Five Civilized Tribes, approved by the trial courts in that jurisdiction, are not subject to the approval or disapproval of the Secretary of the Interior; but the orders of the court approving them are final. *Morrison et al. v. Burnette et al.,* 83 C. C. A. 391, 154 Fed. 617; *Jennings v. Wood et al.,* 192 Fed. 657; *Kolachny v. Galbreath et al.,* 26 Okla. 772, 110 Pac. 902, 38 L. R. A. (N. S.) 451; *Eldred et al. v. Okmulgee Loan & Trust Co.,* 22 Okla. 742, 98 Pac. 929.

The United States court for the Northern District of the Indian Territory, at Tahlequah, prior to the erection of the state exercising both probate and chancery powers, had the power to authorize a guardian to lease the lands of his ward for a period extending beyond his minority. *Huston et al. v. Cobleigh,* 29 Okla. 793, 119 Pac. 416, which followed *Beauchamp v. Bertig et al.,* 90 Ark. 351, 119 S. W. 75, 23 L. R. A. (N. S.) 659. See, also, *Ricardi. et al. v. Gaboury et al.,* 115 Tenn. 484, 89 S. W. 98; *Marsh et al. v. Reed et al.,* 184 Ill. 263, 56 N. E. 306.

The plaintiff is foreclosed as to all questions of forfeiture of the lease, on allegations of failure of the lessee to comply with its terms, by the finding of the trial court. *Hausam v. Parker,* 31 Okla. 399, 121 Pac. 1063.

It is not essential to pass on the question as to whether the court should have permitted the plaintiff to amend his petition,

as, under *Spade v. Morton et al., supra*, the order authorizing the specific lease of the land under specified terms amounted to a confirmation.

Counsel for plaintiff in error insists that, although the supervision of the Secretary of the Interior over said land had been withdrawn by the act of April 26, 1906, yet the lease provided:

"It is mutually understood and agreed that this indenture of lease shall in all respects be subject to the rules and regulations heretofore or that may hereafter be lawfully prescribed by the Secretary of the Interior relative to oil and gas leases in the Cherokee Nation, and that this lease, or any interests therein, shall not, by working or drilling contract or otherwise, or the use thereof, directly or indirectly, be sublet, assigned or transferred without the consent of the Secretary of the Interior first obtained, and that should he or his sublessees, heirs, executors, administrators, successors or assigns violate any of the covenants, stipulations, or provisions of this lease, or any of the regulations, or fail for the period of 60 days to pay the stipulated royalties · provided for herein, then the Secretary of the Interior, after ten days from notice to the parties hereto, shall have the right to avoid this indenture of lease and cancel the same, when all the rights, franchises and privileges of the lessee, his sublessees, heirs, executors, administrators, successors or assigns hereunder, shall cease and end without resorting to the court and without further proceedings, and the lessors shall be entitled to immediate possession of the leased land and the permanent improvements located thereon."

As the Secretary of the Interior has not elected to declare a forfeiture of the lease, it is not essential to determine whether, under its contractual terms, he could have done so in this particular case.

This lease provides for a ten per cent. royalty, and the guardian is authorized to collect same and all funds arising therefrom.

Error in the judgment of the trial court must be shown by the plaintiff in error. All intendments and presumptions are in favor of said judgment.

The judgment of the lower court is affirmed.

All the Justices concur.