This is an appeal from a judgment of the district court of Seminole county in a will contest case. The court affirmed the order of the county court admitting the will to probate, and contestants appeal.
The contestant George Crump Harjoche was a son of the testator and named in the will as one of the beneficiaries. The other contestant, Younger Frank Harjoche, appeared as the testator's alleged child.
The separate protests are based on alleged testamentary incapacity, and on undue influence practiced upon the testator by one of the legatees.
However, the contestants confine the appeal to the issue of undue influence, and treat the alleged mental incapacity of the testator as merely an element in determining that issue.
No complaint is made concerning the form of the will as to execution and attestation. But it is alleged that George C. Crump, a legatee named therein, procured its execution through undue influence practiced by him upon the testator. It is charged that Crump was at that time and had been for a number of years the personal attorney for the testator, and, as such attorney, prepared the will, naming himself therein as beneficiary of a bequest of $5,000.
The evidence shows that Crump prepared the will at the testator's request. And there is evidence to show that the relationship of attorney and client existed between him and the testator at the time.
Contestants say that in such case the law presumes that the attorney used undue influence on the client, and places the burden on the attorney to rebut the presumption. Gidney v. Chapple, 26 Okla. 737, 110 P. 1099; Hunter v. Battiest,79 Okla. 248, 192 P. 575; In re Anderson's Estate, 142 Okla. 197,286 P. 17. Those cases support that contention.
Proponent assumed the burden of the evidence, and Crump gave extended testimony concerning his relationship with the decedent, and his activities in connection with the preparation of the will. The evidence discloses the usual and ordinary routine in such matters where the participants are careful to prepare a will suitable to the desires of the testator. The latter manifested great interest in the proper disposition of his property. He was a full-blood Seminole, and possessed considerable money in the hands of the Indian Agency at Muskogee. On numerous occasions he expressed a desire to leave his estate to his wife and his son George Crump Harjoche, one of the contestants herein, and to have his will prepared in such a manner as to preclude his alleged son, Younger Frank Harjoche, from participating *Page 633 
in his estate. He knew the latter claimed to be his son, but the testator denied the claim. He asked Crump to prepare the will accordingly.
Testator was in poor health, but he was able to move about at times away from his home. He had expressed a desire on numerous occasions to will Crump the sum of $10,000, but Crump dissuaded him, and did so in the presence of other friends of decedent.
There is no evidence that Crump exerted any influence on the testator other than to give him the normal and forth-right professional advice in answer to the expressed wishes of the testator and to prepare the will suitable to those wishes. Testator was ill, but in possession of his mental faculties sufficient to understand the nature of his acts. There was no evidence of any influence exercised by Crump other than conscientious legal advice to be expected from an attorney and friend.
Though such relationship may be free from apparent undue influence, the laws seems to have created a presumption to the contrary, and it must be shown that the testator was free from intentional undue influence of the attorney. But the presumption may be overcome by evidence showing no such undue influence. In re Anderson's Estate, supra. The rule is there stated as follows:
"Where a person devises his property to one who is acting during that time as his attorney, either in relation to the subject-matter of making the will, or generally, such devise of itself raises a presumption of undue influence. However, this is by no means a conclusive presumption, but is one that may be overcome by evidence such as will lead the court to conclude that no undue influence was exercised."
The court, commenting on the question in that case, said:
"The evidence in this case shows that for sometime prior thereto, and at the time the will in question was executed, the proponent was the attorney of the testator and regarded by him as his close friend. We find the evidence sufficient to show a confidential relation. It therefore became the duty of the proponent to show that the will was not obtained by undue influence. However, notwithstanding the burden so placed on the proponent, if, by all the evidence in the case, the burden was overcome, then the will was entitled to probate, if not invalid for some other reason. Bromley's Estate, 113 Mich. 53, 71 N.W. 523. For certainly there is no rule of law which prevents a party from receiving bequests under, or even being the sole beneficiary in, a will made by one to whom he stands in a confidential relation."
In Hunter v. Battiest, supra, the court was of the opinion that the presumption of undue influence in cases of this character must be rebutted "by showing either that there has been a severance of the confidential relations, or that the party making the disposition had competent independent advice in regard thereto, and was free from the influence of the attorney at the time the will was made."
That rule seems rather harsh, and restricted as to the character of evidence that may be received. It is not every testator that needs competent and independent advice in such matters. We cannot presume that all men must seek independent advice in the matter of leaving property to their personal attorneys. Such advice is evidence that the testator was not unduly influenced by his attorney. But the proponent is not faced with the absolute burden to show that the independent advice was sought and received.
Here, the testator on numerous occasions, and out of the presence of Crump, had expressed a desire to leave Crump a sum of money in his will. The decedent's wife testified that she and decedent had discussed at length the matter of leaving Crump a sum of money. This was on occasions long before the will was prepared. Her husband, she said, desired to will Crump the sum of $10,000 as a reward for taking care of her and the child. She stated also that Crump refused to accept $10,000, *Page 634 
insisting that, if a gift was made, it be only $5,000.
This testimony by the wife was ample evidence that the testator advised with those nearest to him concerning the bequest to Crump. He and his wife were agreed in the matter. The gift seemed entirely the idea of the testator, and agreed to by one who was to suffer considerable loss by reason of the gift.
This evidence, with that related above, was sufficient to overcome the presumption aforesaid. And the judgment of the court on that issue is not against the clear weight of the evidence. Our function on appeal in such case is stated in the case In re Anderson's Estate, supra.
The contestant Younger Frank Harjoche says the trial court wrongfully denied him the right to contest the probate of the will by sustaining a demurrer to his evidence.
At the close of the case the court sustained a demurrer to this contestant's evidence, or, that is, sustained a motion for judgment, and denied his protest. The parties apparently agree that the court's action was based on failure of proof that the contestant was the son of the testator, and so without sufficient interest in the estate to permit him to contest the will, within the meaning of 58 O. S. 1941 § 29, which, among other things, provides: "Any person interested may appear and contest the will."
We find no reversible error in the court's action. This contestant had offered no evidence beyond that which was produced on behalf of both contestants, and was not denied any right to introduce proof. The evidence was fully considered by the court in determining the issue of the factum of the will.
However, the trial court was in error in the belief that Younger Frank Harjoche should prove his alleged relationship to the testator. But, as said above, the error was harmless; the evidence in his behalf was fully considered, and judgment rendered on the issues. Any person who appears and sets up a claim as an heir at law of the testator, which, if true, is supported in law, is a "person interested" within the meaning of the above statute, and may protest the will. The truthfulness of the claim is not an issue in the probate of the will, and cannot be made one. The only issue is the factum of the will. Letts v. Letts, 73 Okla. 313, 176 P. 234.
If the allegations contained in the protest, or the contestant's own oral admissions, show conclusively that he can in no event be an heir of the testator or have any interest in his estate, the court may refuse to hear him, and may dismiss his protest. McCoy v. Lewis, 166 Okla. 245, 27 P.2d 350. But the court cannot determine the issue of fact with respect to heirship or other interest.
The judgment of the trial court is affirmed.
CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur.