In re FIKE'S ESTATE.
APPEAL OF POWELL.

No. 32807.    Sept. 23, 1947.

*184 P. 2d 752.*

R. M. Mountcastle, of Muskogee, for plaintiff in error John H. Powell.

Thos. W. Leahy, of Muskogee, for defendant in error LaRue H. Fike.

Forrester Brewster, of Muskogee, for defendant in error John L. Fike.

CORN, J. This is an appeal from a probate proceeding which originated in the county court of Muskogee county. An appeal was prosecuted to the district court from the order of the county court which admitted to probate the will and codicil, and also from the decree and order of approval of administratrix's final account and the determination of heirship and order of distribution. By agreement the two causes were consolidated in the district court.

Testatrix, Mrs. Lee Fike, executed and published her last will May 3, 1935. The will was in usual form, and after specific bequests of personal effects, provided that her property "be divided equally between my son John Fike, Mrs. Beden Baker, Mrs. Eleanor Weaver and my nephew, John H. Powell."

Testatrix died on July 22, 1944. After her death there was discovered among effects in a safety deposit box the following holographic codicil:

"On April 26th, 1941, I signed a note at the Commercial Bank for J. H. Powell, to be paid in One Year, and unless he pays it, He is not to have One Penny from my Estate, so that part of the will is null and void."

Petition for probate of the will and codicil was filed by Thomas W. Leahy, an attorney, who was nominated executor in the will. After regular proceedings the will and codicil were admitted to probate. Mr. Leahy declined to act as executor and letters of administration were issued to John L. Fike, the son.

September 5, 1944, John H. Powell filed notice of appeal from the order admitting the will and codicil to probate. Thereafter John L. Fike filed his final account and LaRue H. Fike, his wife, successor administratrix with will annexed, filed final account and petition for distribution of the estate. These matters were heard February 15, 1946, and an order was entered approving the final accounts of the administrator and administratrix successor.

In construing the will and codicil and admitting same to probate, the county court found that under the provisions of the codicil Powell's right to take under the will was conditioned upon his payment of the note mentioned; that he had failed to pay the note and was not entitled to share in the estate. The court further found that John L. Fike had succeeded to the interest of the other named devisees by assignment, and that he was the sole person entitled to distribution of all the property of the estate, except the bequests mentioned above.

John H. Powell appealed to the district court from both orders and the causes were consolidated by agreement and heard together. The appeal from the order determining heirship and decreeing distribution was upon the ground the purported codicil was without effect on the will, and the condition made therein did not arise for the reason he had paid the note.

After hearing the evidence the court found the will and codicil valid and effective and properly admitted to probate; that the estate passed under the will, modified by the codicil, and appellant was excluded from taking any-

thing under the will and that John L. Fike was the sole person entitled to distribution of said estate. Motion for new trial, and motion for new trial on the ground of newly discovered evidence, were both overruled, and the judgment entered from which this appeal is prosecuted.

After hearing all the evidence the trial court made the following statement:

"The main question that I am interested in is whether or not he paid the note. If Johnny Powell paid the note then he takes under the will, and if he didn't pay it then he is out."

An attorney, Thomas W. Leahy, drew testatrix's will and had same in his possession at her death. Her safety deposit box was opened and inventoried after her death and at that time the will codicil was found. Also found was John H. Powell's note ($180), stamped paid, together with 12 receipts for payments made. Bank records showed testatrix had entered her safety box 14 times between July 10, 1941, and June 30, 1944. The note was made April 26, 1941, and was stamped paid May 21, 1942.

Appellee's witness, Polly Ross, who also witnessed the codicil, had roomed in testatrix's home for several years, was well acquainted with her habits and had performed favors and business errands for her. At testatrix's request witness had made five or six payments on the note with money given her by testatrix for this purpose, and had made two payments for appellant with money he gave her and had turned over to testatrix all receipts except one which she mailed to him in Tulsa.

A cashier of the bank, who had handled some of the payments, testified the note was finally paid in May, 1942; that when receipts for payments were issued the custom was to make them in the name of the maker of the note unless otherwise requested.

The administratrix testified Mrs. Fike was frugal, transacted her business by cash, and that it was against her practice to become obligated for the debts of others.

In appellant's attempt to establish payment of the note his testimony was direct and positive, but under circumstances which were unsatisfactory, the testimony being that he left the money with his aunt, or some other person to make the payments. The record reflects that he was not living with his aunt at the time these payments were made.

Some testimony was given corroborating his evidence as to his leaving money to be used in making two or more payments. However, all of the evidence adduced falls short of establishing proof of payment sufficient to overcome the evidence upon which the trial court based the finding that the note had not been paid by appellant.

The evidence showed that testatrix entered her safety deposit box on 14 occasions between July 10, 1941, following execution of the note, and June 30, 1944. The will codicil, together with the note and receipts showing the note paid in May, 1942, were in the safety box. The fact testatrix left the note and receipts in the box with the codicil is a strong circumstance that this was done for the purpose of showing appellant had not paid the note. Testatrix had sufficient time between the date the note was paid and the time of her death to revive the will by destruction of this codicil, or otherwise, so as not to exclude appellant from sharing in her estate.

The remaining contentions advanced by appellant in seeking reversal of this judgment are based upon the argument that this codicil created a conditional bequest; that satisfaction of the requirement of the codicil (i.e., payment of the note) was a condition subsequent and could not become operative in case the condition was not complied with, because not followed by a limitation over,

or disposition of, plaintiff's share in the estate in the event he failed to pay the note.

84 O. S. 1941 §180 is as follows:

"A condition precedent in a will is one which is required to be fulfilled before a particular disposition takes effect."

84 O. S. 1941 §183 then states:

"A condition subsequent is where an estate or interest is so given as to vest immediately, subject only to be divested by some subsequent act or event."

Thompson on Wills (2d Ed.) §375, @ 460, points out that a condition which must be fulfilled before an estate can commence is a condition precedent, while a condition subsequent does not prevent the vesting of an estate, but may serve to defeat a vested estate if the condition is not performed. To this same effect see Wellsville Oil Co. v. Miller, 44 Okla. 493, 145 P. 344; Franklin v. Parks, 77 Okla. 280, 188 P. 334; Fraley v. Wilkinson, 79 Okla. 21, 191 P. 156; Gypsy Oil Co. v. Escoe, 126 Okla. 3, 258 P. 906. In re Assessment, etc., Omitted Property of Kennedy et al., 177 Okla. 74, 58 P. 2d 134; In re Clark's Estate (Cal.) 61 P. 2d 73; 62 A. L. R. 589; 69 C. J., Wills, §1783, et seq.

The trial court stated that the testimony was not sufficient to overcome the circumstantial evidence (i.e., finding the paid note and receipts in testatrix's possession, with the codicil, after her death). Possession of the paid and canceled note, together with receipts, made out a prima facie case of payment by the testatrix.

Careful consideration compels the conclusion that, in the light of all the evidence, the trial court's finding and judgment was correct. We are committed to the rule that a will contest is an equitable case and the entire record is to be weighed on appeal, but the findings and judgment of the trial court will not be disturbed unless clearly against the weight of the evidence. In re Mason's Estate, 185 Okla. 278, 91 P. 2d 657; In re Devine's Estate, 188 Okla. 423, 109 P. 2d 1078; In re Harjocke's Estate, 193 Okla. 631, 146 P. 2d 130.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur.